UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERALDINE MONTROY and
RONALD MONTROY, her husband,

        Plaintiffs,

v.                                     Case No. 8:12-cv-1871-T-24EAJ

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). (Doc. No. 4). Plaintiffs Jeraldine Montroy and Ronald Montroy oppose the motion. (Doc. No. 7). For the reasons stated herein, Defendant's motion is granted in part and denied in part.

**I.      Background**

On June 19, 2012, Plaintiffs filed their complaint against State Farm, Jeraldine Montroy's automobile insurance company, in state court. (Doc. No. 2). Thereafter, State Farm removed the case to this Court.

Plaintiffs allege the following in their complaint (Doc. No. 2): On or about November 30, 2008, Achilles Peter Makras ("Makras") was backing a vehicle out of a parking spot in the parking lot located at 16451 Gulf Boulevard in North Redington Beach, Florida. At the same time, Plaintiff Jeraldine Montroy was walking through the parking lot past Makras' vehicle, and

Makras' vehicle struck her.  As a result, Jeraldine Montroy fell to the ground and was seriously injured.

In Count I of their Complaint, Plaintiffs assert a claim for unpaid Uninsured Motorist benefits. In this count, Plaintiffs allege that State Farm has failed or refused to pay benefits owed under Jeraldine Montroy's uninsured/underinsured motorist coverage when Makras, an un- or underinsured driver, struck her with his car, causing her severe injuries.

In Count II of their Complaint, Plaintiffs assert a claim for unpaid Personal Injury Protection benefits. In this count, Plaintiffs allege that State Farm has failed or refused to pay benefits owed under Jeraldine Montroy's personal injury protection coverage when the injuries resulting from the accident with Makras required significant medical expenditures that should have been covered under the policy.

In Count III of their complaint, Plaintiffs assert a claim for loss of consortium. In this count, Plaintiffs allege that as a result of the accident, Ronald Montroy has suffered a loss of the companionship, services, support, affection, and consortium of his spouse and co-Plaintiff Jeraldine Montroy, and that such loss will continue into the foreseen future.

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id*. Where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show that the plaintiff is entitled to relief. *Id*. at 1950. Furthermore, while the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. *Id*. The door to discovery will not open for a plaintiff "armed with nothing more than conclusions." *Id*.

## III.    Discussion

State Farm filed the instant Motion to Dismiss, in which it asserts multiple grounds for dismissal. First, State Farm argues that the policy number cited by Plaintiffs in their complaint does not comport with the insurance policy issued to Jeraldine Montroy for Uninsured Motorist or Personal Injury Protection. Furthermore, State Farm contends that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue, based on the forum-selection clause in the insurance policy that requires court proceedings to be held in Ontario, Canada.  Lastly, State Farm asserts that the case was not timely filed in accordance with the provisions of the automobile insurance policy, and the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### A.    Defendant's Motion to Dismiss for Citing the Wrong Policy Number

In its motion to dismiss, State Farm argues that the Rules of Civil Procedure require Plaintiffs to identify the proper insurance policy being sued upon so that any applicable provisions of the policy that would subject the complaint to dismissal can be considered by the Court.  State Farm contends that Plaintiffs' failure to include in their complaint the correct policy number for the policy on which their claims are based should preclude the Court from hearing

the case. Plaintiffs counter that the policy State Farm refers to in its Motion to Dismiss as being the "correct" policy was issued two years after the incident, and as such, the policy identified by State Farm is not the relevant policy. Furthermore, Plaintiffs argue that there are two applicable policies that cover their claims: an automobile insurance policy with State Farm and an umbrella policy issued by a State Farm subsidiary company, State Farm Fire and Casualty Company. It is the latter policy that is referred to in the complaint.

In order for the Court to evaluate Plaintiffs' claims, the proper insurance policy must be identified in the complaint. If Plaintiffs are attempting to bring a claim against State Farm as the issuer of the automobile insurance policy, as they are claiming to do in the Complaint, then the automobile policy is the relevant policy, and it must be correctly identified in the complaint. Furthermore, if Plaintiffs wish to also make a claim under the umbrella policy issued by the State Farm subsidiary, then the subsidiary must also be named in, and served with, the complaint.

Accordingly, the Court concludes that Defendant's Motion to Dismiss must be granted, and Plaintiffs' complaint must be dismissed without prejudice.  However, Plaintiffs are granted leave to file an amended complaint that corrects the deficiencies described above.

**B.      Defendant's Motion to Dismiss for Improper Venue**

In its Motion to Dismiss, State Farm argues that a forum-selection clause contained within the insurance policy requires that all litigation take place in Ontario, Canada, and as such, Federal Rule of Civil Procedure 12(b)(3) requires that the case be dismissed for improper venue. Such a result is appropriate when an action is brought upon a contract that includes a mandatory forum-selection clause. *Slater v. Energy Services Group International, Inc.*, 634 F.3d 1326, 1332 (11th Cir. 2011). Whether the forum-selection clause at issue is mandatory is determined by a plain reading of the provision's language. *Id.* at 1330.

The forum-selection clause contained in Section 5.6.3 of the insurance policy identified by State Farm states that "the matter *may* be decided in a lawsuit brought against [State Farm] by [Plaintiffs] . . . in an Ontario court." (Doc. No. 4-1, p. 43)(emphasis added). A plain reading of this provision reveals that the forum-selection clause does not require litigation to occur in Ontario exclusively. Instead, the use of the term "may" in the provision indicates that it is a permissive forum-selection clause, not a mandatory one. *See, e.g., Lane v. Cent. Bank of Alabama, N.A.*, 756 F.2d 814, 817 (11th Cir. 1985). Generally speaking, such a permissive forum-selection clause "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). Because the permissive nature of the forum-selection clause in question does not prohibit litigation in the Middle District of Florida, Plaintiffs' complaint cannot be dismissed for improper venue based on the forum-selection clause.  Accordingly, the Court concludes that Defendant's Motion to Dismiss for improper venue must be denied.

### C.      Defendant's Motion to Dismiss for Failure to Timely File

In its Motion to Dismiss, State Farm argues that Plaintiffs failed to file their complaint within the time required by the statute of limitations, and as such, the case should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate "when the complaint shows on its face that the limitations period has run." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

The limitations period set forth in Section 5.9.3 of the insurance policy identified by State Farm provides: "Any lawsuit against [State Farm] regarding bodily injury . . . must begin within two years after the cause of action arose." (Doc. No. 4-1, p. 45).  According to the complaint,

Jeraldine Montroy suffered injury on or about November 30, 2008, more than two years prior to the filing of the complaint. Therefore, State Farm argues that Plaintiffs' complaint is time-barred.

Plaintiffs respond that their complaint is not time-barred due to Section 45(1) of Ontario's Insurance Act.  Specifically, Plaintiff's argue that pursuant to Section 5.1.1 of the insurance policy, the terms of the policy are subject to the Uninsured Automobile Coverage Schedule under Ontario's Insurance Act.  (Doc. No. 4-1, p. 38).  Section 45(1) of Ontario's Insurance Act states:

> In any action in . . . a jurisdiction in the United States of America . . . against the licensed insurer, or its insured, arising out of an automobile accident in that jurisdiction, the insurer shall appear and shall not set up any defence [sic] to a claim under a contract evidenced by a motor vehicle liability policy issued in Ontario, including any defence as to the limit or limits of liability under the contract, that might not be set up if the contract were evidenced by a motor vehicle liability policy issued in that jurisdiction.

Insurance Act, R.S.O. 1990, c. I.8, s. 45(1).[1]

The language of Ontario's Insurance Act, which overrides the relevant provisions of the insurance policy issued by State Farm, requires State Farm to appear and defend against Plaintiffs' claims as if the insurance policy had been issued in Florida.  Florida law has established a five year statute of limitations period for claims arising out of a contract, obligation, or liability founded on a written instrument. Fla. Stat. § 95.11(2)(b). Any contract provision that seeks to reduce this period is void. Fla. Stat. § 95.03. This rule applies to contracts both domestic and foreign.  *Sun Insurance Office, Ltd. v. Clay*, 133 So. 2d 735, 738 (Fla. 1961). Therefore, the Florida rule governing the statute of limitations for claims made under an insurance policy applies, and Plaintiffs have five years to bring suit. As such, Plaintiffs have met the statute of limitations requirement for bringing suit, and the action must stand.  Accordingly, the Court concludes that Defendant's Motion to Dismiss for failure to timely file must be denied.

[1] A copy of the relevant portion of Ontario's Insurance Act is attached at Document Number 7-5, at pages 21-22.

## IV.    Conclusion

For the reasons stated herein, Defendant State Farm's Motion to (Doc. No. 4) is

**GRANTED** to the extent that the Court dismisses Plaintiffs' complaint without prejudice.

However, Plaintiffs are granted leave to file an amended complaint that corrects the deficiencies

identified in this order by October 22, 2012.  Failure to timely file an amended complaint will

result in this case being closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:  Counsel of Record